JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 3521

------------------------------------------------------------X

JOSE TABAR and ONIL TABAR,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. JOSHUA STEWART, Shield No. 5205, Individually and in his Official Capacity, P.O. FELIPE FILIPPI, Shield No. 3705, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
MAY 24 2013
U.S.D.C. S.D.N.Y.
CASHIERS

------------------------------------------------------------X

      Plaintiffs JOSE TABAR and ONIL TABAR, by their attorney, ROBERT W. GEORGES, ESQ., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JOSE TABAR is a Hispanic-American male and has been at all relevant times a resident of the City and State of New York.

7. Plaintiff ONIL TABAR is a Hispanic-American male and has been at all relevant times a resident of the City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10. At all times hereinafter mentioned, the individually named defendants P.O. JOSHUA STEWART, P.O. FELIPE FILIPPI and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

14. On or about March 11, 2013, plaintiffs JOSE TABAR and ONIL TABAR were lawfully present seated inside a 2006 grey Jeep Grand Cherokee motor vehicle in the vicinity of 181st Street and Amsterdam Avenue, in New York County in the city and state of New York.

15. At this date, time and place, plaintiff JOSE TABAR was seated in the backseat of the vehicle, plaintiff ONIL TABAR was seated in the front passenger seat, and the vehicle was being driven by an individual named Rafael Capellan-Fernandez

16. At this date, time and place, despite having committed no criminal acts, traffic violations or any other unlawful conduct, the plaintiffs were approached by the defendant police officers and ordered out of the vehicle in which they were passengers.

17. The defendant officers immediately searched plaintiffs, uncovering no evidence of criminal or unlawful activity whatsoever.

18. The defendant officers then searched the vehicle in which plaintiffs had been seated and uncovered no evidence of criminal or unlawful activity whatsoever.

19. Nevertheless, the officers placed plaintiffs under arrest, handcuffing their arms tightly behind their backs.

20. Plaintiffs and the vehicle were thereafter transferred to a nearby police precinct despite plaintiffs having not committed any crimes, violations or unlawful acts.

21. At the precinct, the vehicle was searched again and the police allegedly recovered from inside the glove compartment of the vehicle sixty (60) pills of Oxycodine that were inside a prescription pill bottle.

22. Despite having no evidence, or reason to believe that said pills, belonged to, or were in the custody and control of plaintiffs, defendant officers processed plaintiffs arrests for possession of said pills.

23. At their criminal court arraignment, plaintiffs, were each charged with the sole count of Criminal Possession of a Controlled Substance in the Third Degree, in violation of Penal Law §220.16(1) which requires not only that plaintiffs possessed said pills but that they did so with the intent to sell the same.

24. At no time on March 11, 2013, did either plaintiff possess, sell, intend to sell or exhibit custody and/or control over any prescription pills.

25. At no time on March 11, 2013, did defendants possess probable cause to arrest plaintiffs.

26. At no time on March 11, 2013, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

27. In connection with their arrests, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

28. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiffs' arrests.

29. Specifically, defendants falsely and knowingly alleged that they observed plaintiffs possess a controlled substance.

30. As a result of defendants' actions, plaintiffs JOSE TABAR and ONIL TABAR each spent approximately nineteen (19) hours in police custody.

31. Despite defendants' actions, all charges against plaintiffs JOSE TABAR and ONIL TABAR were adjourned in contemplation of dismissal on or about March 15, 2013 in Manhattan Criminal Court.

32. As a result of the foregoing, plaintiffs JOSE TABAR and ONIL TABAR sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiffs JOSE TABAR and ONIL TABAR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. As a result of the aforesaid conduct by defendants, plaintiffs JOSE TABAR and ONIL TABAR were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

41. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" as if the same were more fully set forth at length herein.

43. Defendants created false evidence against plaintiffs JOSE TABAR and ONIL TABAR.

44. Specifically, defendants falsely and knowingly alleged plaintiffs possessed a narcotic drug with the intent to sell it.

45. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

46. Defendants misled the prosecutors by creating false evidence against plaintiffs JOSE TABAR and ONIL TABAR and thereafter providing false testimony throughout the criminal proceedings.

47. In creating false evidence against plaintiffs, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

48. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. maintaining an arrest quota placing undue pressure on officers to make arrests without probable cause;

   ii. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

52. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   i. **Mazie Meredith v. City of New York**; United States District Court, Eastern District of New York, 09 CV 1220;

   ii. **Uriel Bonilla v. City of New York**; United States District Court, Southern District of New York, 09 CV 3563;

   iii. **Angel Figueroa v. City of New York**; United States District Court, Southern District of New York, 10 CV 2185;

   iv. **Angel Valentin v. City of New York**; United States District Court, Southern District of New York, 10 CV 5195; and

   v. **Osaigbovo v. City of New York**; United States District Court, Southern District of New York, 09 CV 4979.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JOSE TABAR and ONIL TABAR.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

57. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs JOSE TABAR and ONIL TABAR's constitutional rights.

58. The acts complained of deprived plaintiffs of their rights:

   1. Not to be deprived of liberty without due process of law;
   2. To be free from seizure and arrest not based upon probable cause;
   3. To be free from unlawful search;
   4. Not to have summary punishment imposed upon them; and
   5. To receive equal protection under the law.

59. As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiffs JOSE TABAR and ONIL TABAR respectfully request judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       May 3, 2013

BY: _/s/ Robert W. Georges_
ROBERT W. GEORGES, ESQ.
Attorney for Plaintiffs
The Woolworth Building
233 Broadway, Suite 1800
New York, N.Y. 10279
Tel (212) 710-5166
Fax (212) 710-5162
rgeorges@georgesesq.com

INDEX NO.                                              YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE TABAR and ONIL TABAR,

                           Plaintiff,
        -against-

THE CITY OF NEW YORK, P.O. JOSHUA STEWART,
Shield No. 5205, Individually and in his Official Capacity, P.O.
Felipe Filippi, Shield No. 3705, and P.O.'s "JOHN DOE" #1-4,
Individually and in their Official Capacity (the name John
Doe being fictitious, as the true names are
presently unknown),

                           Defendants.

---

## SUMMONS AND COMPLAINT

---

### ROBERT W. GEORGES
Attorney for Plaintiff
Office and Post Office Address, Telephone
233 Broadway - Suite 1800
New York, New York 10279
(212) 710-5166

---

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for Defendants

---

Service of a copy of the within is hereby admitted.                    Dated

Attorney(s) for

---

PLEASE TAKE NOTICE

Q     NOTICE OF ENTRY

      that the within is a (certified) true copy of a
      duly entered in the office of the clerk of the within named court on                    20

Q     NOTICE OF SETTLEMENT

      that an order                                          of which the within is a true copy
      will be presented for settlement to the HON.           one of the judges of the
      within named Court, at
      on                        20              at

Dated,                                                       Yours, etc.